**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOANN JAMES,

        Plaintiff,

vs.

ROBERT DEJONG, *et al.*,

        Defendants.

Case No. 2:17-cv-01594-APG-GWF

**ORDER**

Application to Proceed *in Forma Pauperis* (# 1) and Screening of Complaint (#1-1)

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on June 7, 2017.

**BACKGROUND**

Plaintiff's disjointed and rambling complaint is supposedly brought pursuant to 42 U.S.C. § 1983. From what the Court can ascertain, Plaintiff is alleging that her civil rights were violated because she has been discriminated against on the basis or her race and socioeconomic status. Plaintiff additionally claims that Defendants Robert Dejong, Sam Dommer and Customer Assistance Group have committed fraud based on something relating to a credit card that Plaintiff obtained. However, because Plaintiff's complaint is so unclear, the Court cannot discern what actually occurred to give rise to Plaintiff's claims.

**DISCUSSION**

**I.      Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

## II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v.*

*Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

## III. Instant Complaint

Plaintiff's complaint asserts that her claims are brought pursuant to 42 U.S.C. § 1983, which forms the basis for this Court's jurisdiction over her claims. However, Plaintiff's complaint suffers from several deficiencies and must be dismissed with leave to amend.

### A. 42 U.S.C. § 1983

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). In order to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988); *see also Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982). A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

#### 1. Private Conduct

§ 1983 does not reach private conduct, regardless of how discriminatory or wrongful it may be. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999). Even cases where there is extensive state funding and regulation of a private activity, "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350 (1974); *see also*

*Rendell-Baker,* 457 U.S. 830 at 842-43; *Morse v. North Coast Opportunities,* 118 F.3 1338, 1340-41 (9th Cir. 1997). Only where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity" will the Court allow a defendant to be subjected to a §1983 claim. *Id.* A "close nexus" exists only where the State has "exercised coercive power or has provided such significant encouragement." *Id.*, *see also Flag Bros. Inc. v. Brooks,* 436 U.S. 149, 156 (1978). The Ninth Circuit has established a two part test to establish whether or not an alleged infringement of federal rights is fairly attributable to the government: "1) the deprivation must result from a government policy, and 2) the party charged with the deprivation must be a person who may fairly be said to be a government actor." *Sutton v. Providence St. Joseph Med. Center*, 192 F.3d 826, 835 (9th Cir. 1999).

Plaintiff's complaint asserts that her civil rights were violated because Defendants allegedly discriminated against her because she is "poor [and] white" and because of something relating to a credit card. Plaintiff does not, however, cite to a specific constitutional right or federal statute that was violated (i.e., 5th or 14th Amendments). What is even more fatal to Plaintiff's complaint is that she fails to establish the basic elements needed to successfully posit a claim under § 1983. Defendants Robert Dejong, Sam Dommer and Customer Assistance Group are private persons/entities and Plaintiff fails to state how their actions were the result of a government policy. Therefore, Plaintiff has not pled sufficient facts to state a claim under § 1983.

It appears to the Court that Plaintiff's claims were brought pursuant to § 1983 due to the convenience of the court form rather than an understanding of the law. Plaintiff's credit card dispute is not an issue that is properly brought under § 1983. The Court cannot say for certain, however, that Plaintiff's claims cannot be brought before this Court if they are properly pled. Plaintiff must demonstrate that this Court has jurisdiction over both the parties and the subject matter, which from what the Court can ascertain does not seem likely. Plaintiff is not a resident of Nevada and it is unclear how Plaintiff's dispute is associated with the state of Nevada. Nevertheless, the Court will allow Plaintiff leave to amend her complaint if she believes she can.

### 2. **Plaintiff's Claims Against Adam Laxalt**

Plaintiff's allegations against Defendant Laxalt also fail to state a claim. As an initial

matter, Plaintiff has once again not stated which constitutional or statutory rights were allegedly violated by Defendant Laxalt. On that basis alone, the Court must dismiss Plaintiff's complaint with leave to amend.

In the interests of judicial economy, the Court wants to also briefly advise Plaintiff of the law surrounding 42 U.S.C. § 1983 as it relates to state officials, such as Defendant Adam Laxalt. State officials sued in their official capacity for damages are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Official-capacity suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. *See Hafer*, 502 U.S. at 25; *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). However, state officials sued in their personal capacity are persons for § 1983 purposes. *Hafer*, 502 U.S. at 31. Liability in a personal-capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. *See Graham,* 473 U.S. at 166. Therefore, Plaintiff cannot sue Defendant Laxalt in his official capacity but may be able to sue him in his individual capacity if she can sufficiently state a claim.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading.[1] This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified

---

[1] In addition, the Court cannot consider the letters Plaintiff sends to the Court when it conducts the screening of her amended complaint. Plaintiff's amended complaint must be complete in itself. If something arises after Plaintiff files an amended complaint, she must file a motion for leave to supplement his amended complaint.

above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice with leave to amend. Plaintiff shall have until **February 20, 2018** to file an amended complaint correcting the noted deficiencies.

DATED this 18th day of January, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge